UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MUHAMMAD M. UMAR,

    Petitioner,

    v.    Case No. 20-C-495

STATE OF WISCONSIN,

    Respondent.

## ORDER REMANDING CASE TO STATE COURT

On March 27, 2020, Petitioner Muhammad Umar filed a notice seeking to remove to federal court a criminal traffic action currently pending in the Circuit Court for Outagamie County. On March 30, 2020, the Clerk of Court directed Umar to either pay the $400.00 filing fee in this matter or a motion to proceed without prepaying the filing fee within 21 days. An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). On April 17, 2020, Umar filed a motion for leave to proceed without prepayment of the filing fee. Based on a review of his motion, the court concludes that Umar has failed to establish his indigency. His motion for leave to proceed without prepayment of the filing fee is therefore denied. Because Umar cannot remove a state criminal case to federal court, this case will be remanded to the Circuit Court for Outagamie County.

This is not the first time Umar has attempted to remove proceedings regarding various traffic citations and other matters to this court. The court acted promptly in those cases to avoid any unnecessary delay in the state court proceedings. It remanded those cases to the state courts

for lack of federal jurisdiction or because Umar attempted to remove actions he filed in state court to federal court. *See City of Green Bay v. Umar*, Case No. 19-C-1425 (E.D. Wis.); *Umar v. Morzenti*, Case No. 19-C-975 (E.D. Wis.); *Umar v. Morzenti*, Case No. 18-C-63 (E.D. Wis.). The court warned Umar that he may be subject to sanctions if he files any further frivolous lawsuits.

Rule 11 allows district courts to impose sanctions on lawyers or parties (or both) "for submissions that are filed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See Senese v. Chi. Area I.B. of T. Pension Fund*, 237 F.3d 819, 823 (7th Cir. 2001). "The central goal of Rule 11 is to deter abusive litigation practices." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004) (citation omitted). A party's *pro se* status does not excuse violations of Rule 11, and the court may impose sanctions upon the *pro se* litigant. *Perry v. Barnard*, 911 F.2d 736 (7th Cir. 1990). "Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995). District courts enjoy "broad discretion in setting a sanction award that it believes will serve the deterrent purpose of Rule 11." *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). Umar's conduct in this and his previous cases is part of a pattern of abusive litigation and an abuse of the judicial process. I therefore conclude that the imposition of sanctions is appropriate.

Under Federal Rule of Civil Procedure 11(c)(4), a sanction "may include nonmonetary directives; an order to pay a penalty into court." Umar has not paid the $400.00 filing fee in this action and has not established that he is indigent. An appropriate sanction in this case is a monetary penalty of $400.00 to be paid by Umar to the Clerk of Court, together with a ban on new filings by Umar in this court until the penalty is paid. In arriving at the amount of the penalty

in this case, the court has considered Umar's ability to pay the fine as well as Umar's conduct. The court concludes that a monetary penalty in this case will deter any repetition of Umar's conduct in the future.

The court may also issue an injunction imposing pre-filing restrictions on a vexatious litigant. *See, e.g.*, *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010). Given Umar's conduct, Umar is barred from filing any new actions in this District until he pays the $400.00 sanction to the Clerk of Courts. *See Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996). This restriction has no impact on currently pending actions before other judges in this district. Umar may submit to this court, no earlier than two years from the date of this Order, a motion to modify or rescind this Order. *Id.*

**IT IS THEREFORE ORDERED** that this case is **REMANDED** back to the Circuit Court for Outagamie County for further proceedings. The Clerk is directed to transmit a certified copy of this Order to the clerk of the state court, and thereafter close this case.

**IT IS FURTHER ORDERED** that Umar must pay a $400.00 fine to the Clerk of Court. The Clerk of Court **MUST NOT** accept any new papers to file new actions from Umar until the $400.00 fine is paid. No earlier than two years from the date of this Order, Umar may submit to this court a motion to modify or rescind the Order.

**IT IS FURTHER ORDERED** that Umar's motion for leave to proceed without prepayment of the filing fee is **DENIED**.

Dated at Green Bay, Wisconsin this 20th day of April, 2020.

                                             s/ William C. Griesbach
                                             William C. Griesbach, District Judge
                                             United States District Court